FILED
Jul 12, 2024
02:08 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **DEVIN BARR,** | ) | **Docket No. 2020-06-1153** |
| **Employee,** | ) | |
| v. | ) | |
| **AUTO ART OF NASHVILLE,** | ) | **State File No. 42601-2017** |
| **Employer,** | ) | |
| **And,** | ) | |
| **EMPLOYERS PREFERRED** | ) | **Judge Joshua D. Baker** |
| **INSURANCE COMPANY,** | ) | |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER

---

The Court held a compensation hearing on July 9, 2024, on the post-settlement medical dispute in this case. Mr. Barr seeks coverage for chiropractic treatment, psychiatric treatment, and reimbursement for prescription medication. He additionally seeks medical treatment.

As background, on June 6, 2017, Mr. Barr was working for Auto Art of Nashville when hot slag from welding got into his safety glasses, causing him to fall backward, injuring his neck, lower back, and right knee. The parties settled the claim and agreed that Auto Art of Nashville would provide lifetime open medical benefits under Tennessee Code Annotated section 50-6-204. The Court approved the settlement.

Mr. Barr filed a petition requesting benefits under the medical benefits provision. The parties have resolved all disputed issues at this time and have agreed upon the following:

- Auto Art of Nashville will pay directly to Mr. Barr $1,514.70 for out-of-pocket expenses paid to Cerebral for medication and care management.
- Auto Art of Nashville will pay directly to Mr. Barr a $982.99 reimbursement for prescription medication.

1

- Auto Art of Nashville shall satisfy the $17,130.00 in bills Mr. Barr owes to Lexington Pain and Wellness Center for past treatment.
- Dr. Aaron Compton will continue to provide pain management treatment to Mr. Barr, and Auto Art of Nashville will begin paying for authorized psychiatric treatment with Cerebral.
- The payments to be made directly to Mr. Barr shall occur within 21 days.

**IT IS, THEREFORE, ORDERED** as follows:

1. Auto Art of Nashville shall pay directly to Mr. Barr $1,540.70 and $982.99 for past medical expenses as outlined above.

2. Auto Art of Nashville shall satisfy Mr. Barr's $17,130.00 in bills owed to Lexington Wellness Center.

3. All payments shall be made within 21 days of this order.

4. Auto Art of Nashville shall continue to furnish reasonable, necessary, and work-related treatment under the open medical benefits provision as previously ordered, including treatment with Dr. Compton and Cerebral.

5. The Court taxes $150.00 costs against Auto Art of Nashville, to be paid within five business days.

**ENTERED July 12, 2024.**

_____
**Judge Joshua D. Baker**
**Court of Workers' Compensation Claims**

**APPENDIX**

<u>Exhibits</u>:

1. Itemized list of prescription records.
2. Invoices from Cerebral.
3. Account statement from Lexington Pain and Wellness Center.

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on July 12, 2024.

| Name | Cert. Mail | Via Fax | Via Email | Service Sent To: |
|---|---|---|---|---|
| Devin Barr, Employee | | | X | Devinbarr889@gmail.com |
| Richard Clark, Employer's Attorney | | | X | RClark@eraclides.com jenniferdavis@eraclides.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*